[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13576
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-01772-TWT

AFC ENTERPRISES, INC.,

Plaintiff - Appellee,

versus

THG RESTAURANT GROUP, LLC,
WOODROW A. HALL,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 4, 2011)

Before WILSON, FAY and BLACK, Circuit Judges.

PER CURIAM:

Appellant operated a Popeyes Chicken and Biscuits restaurant pursuant to a franchise agreement with the appellee. As a result of alleged defaults by appellants, appellee successfully obtained a TRO followed by a preliminary injunction. In granting both the district court did not require a bond. The court stated: "There is no need for the imposition of a preliminary injunction bond in this case. AFC's annual revenues exceed $100 million, and it is able to pay any judgment . . . In the event that this finding is reversed, the Court finds a bond of $25,000 would be reasonable." (D.E. 22 at 5).

Appellant does not contest these findings by the district court but argues that pursuant to Fed. R. Civ. P. 65(c) a bond is mandatory. Such is simply not the case. Under our existing precedent, it is within the discretion of the court to set the amount of the bond or to require "no security at all." Bellsouth Telecomms., Inc. v. MCIMetro Access Transmission Services, LLC, 425 F.3d 964, 971 (11th Cir. 2005).

AFFIRMED.